IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| TERRY HARDIN WILKERSON, | ) | |
|---|---|---|
| | ) | |
| *Defendant/Petitioner*, | ) | |
| | ) | |
| v. | ) | No. CR-14-137-D |
| | ) | No. CIV-18-593-D |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff/Respondent*. | ) | |

**O R D E R**

Before the Court is Petitioner Terry Hardin Wilkerson's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 405]. In response, the United States asserts that Petitioner's motion is time-barred under 28 U.S.C. § 2255(f), or in the alternative, that Petitioner's plea agreement contains an enforceable collateral attack waiver. [Doc. No. 415]. Petitioner has responded in opposition to the United States' request. [Doc. No. 416]. Upon examination of the parties' submissions and the case record, the Court finds that Petitioner's § 2255 motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 6, 2014, a Federal Grand Jury indicted Petitioner and eleven codefendants in two separate Indictments. The indictment in CR-14-137-D charged Petitioner and others with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; the indictment in CR-14-138-D charged the Petitioner and

1

others with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, also in violation of 21 U.S.C. § 846.

Petitioner subsequently entered into a plea agreement with the government. Under this agreement Petitioner agreed to plead guilty to the conspiracy counts in both CR-14-137-D and CR-14-138-D. At a hearing conducted on October 15, 2015, Petitioner entered a plea of guilty to the offense of conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine in case CR-14-138-D, and a plea of guilty to the offense of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in case CR-14-137-D [Doc. No. 72].

After a final Presentence Investigation Report was prepared and filed, Petitioner appeared for sentencing on April 12, 2017. The Court imposed a prison sentence of 84 months incarceration in both cases and ordered them to run concurrently. This sentence was 126 months below the bottom of the guideline range determined by the Court. The terms of imprisonment were ordered to be followed by a 5-year term of supervised release. Petitioner did not timely appeal his sentence. Petitioner filed his § 2255 motion on June 18, 2018.

## DISCUSSION

The government argues first that Petitioner's motion is untimely and next that the collateral attack waiver in Petitioner's plea agreement should be enforced.

**I.  Petitioner's motion is untimely as it was filed after the allotted time and equitable tolling is inapplicable.**

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. 28 U.S.C. § 2255(f). The limitation period runs from the latest of four specified dates. *Id*. In most cases, the operative date for measuring the limitation period is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court imposed judgment on April 12, 2017, and the written judgment was filed on the docket that same day [Doc. No. 363]. Because no appeal was taken, the judgment became final 14 days later on April 26, 2017, when the time to appeal expired.[1] *See* FED. R. APP. P. 4(b); *see also United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). The one-year period for filing a motion under § 2255 began to run on April 26, 2017 and expired on April 27, 2018. *See United States v. Penn*, 153 Fed. Appx. 548, 550 (10th Cir. Nov. 10, 2005) (unpublished)[2] (concluding that the day of the act from which the designated period of time begins to run shall not be included and that the last day of the limitations period cannot be a Saturday, a Sunday, or a legal holiday). Petitioner waited until June 18, 2018 to file his motion.

To excuse his late filing, Petitioner essentially invokes the doctrine of equitable tolling. "Under the doctrine of equitable tolling, [the Tenth Circuit] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional

---

[1] "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6).

[2] All unpublished opinions in this Order are cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

circumstances.'" *United States v. Alvarado-Carrillo*, 43 Fed. Appx. 190, 192 (10th Cir. May 17, 2002) (unpublished) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). A prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

Petitioner asserts he suffered a massive heart attack and was therefore unable to access the law library—in fact, he claims he was unable to use his hands at all. As he was confined to a wheelchair, he obtained assistance from the law library to prepare his motion [Doc. No. 405] at 10. In support of these contentions, Petitioner provides the Court with medical records dated November 9, 2017. *See* Reply [Doc. No. 416-1]. The discharge notes appear to show that Petitioner had heart problems and, at some point between November 2, 2017 and November 9, 2017, suffered a stroke. Petitioner also suffered from weakness in his extremities.

In *Gomez v. Lebeya,* the petitioner argued equitable tolling should apply "because (1) he did not receive appointed counsel to help him file a habeas application, (2) the attorney who assisted him with his 35(b) motion did not advise him on how to file a habeas application, and (3) he is unfamiliar with the English language." 242 Fed. Appx. 493, 495 (10th Cir. 2007). The Tenth Circuit concluded Gomez failed to allege "extraordinary circumstances warranting equitable tolling." *Id*.; *accord Yang v. Archuleta*, 525 F.3d 925,

929–30 (10th Cir. 2008). Petitioner, like Gomez, asserts there is a circumstance beyond his control which impeded his access to the information in the law library. In Gomez's case it was a language barrier, in Petitioner's it is a physical barrier.

In light of the present record, however, it is unclear to the Court how Petitioner's physical condition impacted him—if at all—between the time judgment was entered against him and the six-day period in November for which he submits medical records. It is also unclear how his physical condition evolved subsequently.

In *U.S. v. Gabaldon,* the Tenth Circuit reversed a district court's decision to *sua sponte* dismiss a petitioner's motion relying on equitable tolling before the government responded. 522 F.3d 1121 (10th Cir. 2008). In *Gabaldon*, the petitioner detailed the numerous actions he took in preparing his § 2255 motion between May 2005 and January 2006 in sworn and unsworn submissions to the district court. *Id*. at 1126. While he worked on his brief, Gabaldon's legal materials were seized by prison officials. *Id.* Gabaldon established due diligence in attempting to retrieve his seized legal materials before his filing. *Id*. He did this by presenting his own statement, under penalty of perjury, asserting that he made multiple requests that his documents be returned before the deadline. *Id*. Even these documented steps, the Tenth Circuit noted, were insufficient to "establish his ultimate entitlement to equitable tolling." *Id*. at 1127.

Petitioner here does not attempt to establish a record comparable to the one described in *Gabaldon*. Petitioner includes a two-page medical discharge summary, vaguely indicating Petitioner had some heart problems and suffered a stroke sometime in November of 2017. He also includes a note in his § 2255 motion, which states "Petitioner

5

suffered a massive heart attack unable to access the law library—he is unable to use his hands. Confined to a wheelchair, has obtained assistance with the law library to help prepared [sic] his 2255 motion." Motion [Doc. No. 405] at 10. To be entitled to equitable tolling, Petitioner must allege with specificity "the steps he took to diligently pursue his federal claims." *Id*. He has not done so.[3]

## II. As Petitioner's motion is untimely, the Court does not reach the question of whether Petitioner's plea agreement bars this collateral attack.

Because Petitioner has not established that he is entitled to equitable tolling, his motion is untimely. The disposition above obviates the need to consider the government's alternate ground for dismissal—that the collateral attack waiver in Petitioner's plea agreement would bar a timely-filed § 2255 motion.

## CONCLUSION

Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is not required where

---

[3] Petitioner raises ineffective assistance of counsel claims. Notably absent from the record, however, is any claim that Petitioner's untimeliness was a result of counsel's misleading advice, conduct, error, or neglect. *Cf. Holland v. Florida*, 560 U.S. 631, (2010) ("at least sometimes, an attorney's unprofessional conduct can be so egregious as to create an extraordinary circumstance warranting equitable tolling"). Further, Petitioner nowhere claims he would not have entered into the plea agreement but for alleged deficiencies in counsel's performance. *Cf. United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (petitioner must show that that counsel's deficient performance "affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

the "case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988). As Petitioner is entitled to no relief, an evidentiary hearing is not required.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 [Doc. No. 405] is **DENIED.** Petitioner's request for a hearing is **DENIED**. A COA is **DENIED**. Judgment shall issue accordingly.

**IT IS SO ORDERED** this 7th day of April, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge